*U.S. v. Joyce*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-four.

PRESENT:
> **RICHARD C. WESLEY,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

United States of America,

> *Appellant,*

> v.                                                              No. 22-3020

Warren Joyce,

> *Defendant-Appellee.*

_____

FOR APPELLANT:                           DYLAN A. STERN, (Samuel P. Nitze,
                                         Nicholas J. Moscow, *on the briefs*)
                                         Assistant United States Attorneys, *for*
                                         Breon Peace, United States Attorney
                                         for the Eastern District of New York,
                                         Brooklyn, NY.


FOR APPELLEE:                            TONY MIRVIS, The Mirvis Law Firm,
                                         P.C., Brooklyn, NY.

*     *     *

Appeal from an order of the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **REVERSED** and **REMANDED** for further proceedings consistent with this order.

The Government files an interlocutory appeal from an order granting in part Defendant-Appellee Warren Joyce's motion to suppress. The district court suppressed Joyce's statements made to law enforcement after a search warrant was executed at his residence. The district court concluded that suppression was necessary because the execution of the search was unreasonable. We assume the

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to reverse.

On May 15, 2019, officers executed a search warrant on Joyce's residence based on evidence that his Internet Protocol (IP) address had been receiving child pornography. Ten to twelve officers arrived at the scene and executed the warrant at 6:00 a.m., first knocking and announcing their presence—and waiting thirty to fifty seconds for a response—then forcibly entering with weapons drawn after receiving no answer. After entering and securing the apartment, law enforcement encountered Joyce and his family, placed Joyce under arrest, and questioned him. During questioning, Joyce confessed to having child pornography on his home computer. Officers then seized the computer and other electronic devices in Joyce's home pursuant to the warrant. Joyce was subsequently indicted for receipt and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B).

Joyce then moved to suppress his statements and the physical evidence seized. After conducting an evidentiary hearing, at which only Government witness Detective Damon Gergar testified, the district court granted suppression

of Joyce's statements because it found the execution of the search warrant unreasonable, but denied suppression of the physical evidence.

On appeal, the Government argues that the district court erred in suppressing Joyce's statements. The district court held that the officers' 6:00 a.m. execution of the warrant, forcible entry thirty to fifty seconds after knocking and announcing, and large, armed search team all rendered the search unreasonable under the totality of the circumstances. We agree with the Government that the district court erred.

"On appeal from a district court's ruling on a motion to suppress evidence, we review legal conclusions de novo and findings of fact for clear error." *United States v. Purcell*, 967 F.3d 159, 178 (2d Cir. 2020) (quotation marks omitted). "Mixed questions of law and fact are reviewed de novo." *Id.* The execution of a search warrant is reviewed for reasonableness, *see United States v. Ramirez*, 523 U.S. 65, 71 (1998), and "[w]e consider the reasonableness of police action to be a mixed question of law and fact," *United States v. Singh*, 415 F.3d 288, 293 (2d Cir. 2005) (cleaned up).

4

A Fourth Amendment reasonableness analysis is "fact-specific," and "measured in objective terms by examining the totality of the circumstances" at the time of the search warrant's execution. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996); *see Graham v. Connor*, 490 U.S. 386, 396–99 (1989). At base, the inquiry balances the public interest, such as legitimate concerns for officer safety, against the incursion on the privacy of the individual who is being searched. *See Pennsylvania v. Mimms*, 434 U.S. 106, 109, 111 (1977); *see also Los Angeles County v. Rettele*, 550 U.S. 609, 616 (2007) (describing that officers' reasonable efforts to protect themselves from harm do not violate the Fourth Amendment).

We begin with the warrant's execution at 6:00 a.m. Looking to the warrant's text, it explicitly authorized the officers to execute the search "in the daytime" between "6:00 a.m. and 10:00 p.m." Gov't App'x at 31; *cf. United States v. Bershchansky*, 788 F.3d 102, 111 (2d Cir. 2015) ("We look directly to the text of the search warrant to determine the permissible scope of an authorized search."). That timing is also prescribed in Federal Rule of Criminal Procedure 41(a)(2)(B) and (e)(2)(A)(ii), which provides that warrants should be executed "during the daytime," and defines daytime as "the hours between 6:00 a.m. and 10:00 p.m."

5

While 6:00 a.m. is the earliest time provided, it cannot be said that executing a warrant in accordance with its text—which directly mirrors Rule 41—is unreasonable. In addition, the district court did not cite to, and Appellee does not provide, any case law demonstrating that execution of a warrant at this time renders the execution unreasonable. Given that we review the officers' actions objectively, we see no reason to hold that the officers' decision to execute the search in line with the warrant and the federal rules was unreasonable.

The officers' forcible entry into Joyce's apartment—after knocking and announcing their presence and waiting thirty to fifty seconds—was also not unreasonable. The Fourth Amendment usually requires that officers knock and announce their presence, and "[a]bsent exigency, the police must give an occupant a reasonable time to reach the door, a time that will vary with the size of the establishment[.]" *Terebesi v. Torreso*, 764 F.3d 217, 241 (2d Cir. 2014) (cleaned up). For the reasons explained below, these requirements were met here.

To begin, the thirty-to-fifty-second wait was reasonable because the officers on the scene "had a general idea of the apartment's size and possible layout," which was only one floor with one or two bedrooms. Gov't App'x at 192; *see also*

6

*id.* at 194–95. Detective Gergar also testified that entering quickly was necessary for evidentiary reasons, given that Joyce could destroy the evidence, and for safety reasons, because Joyce could have been looking for a weapon. Therefore, viewing the circumstances objectively, the officers' conduct was not unreasonable. Indeed, various courts have found the execution of a search warrant reasonable where officers knocked and announced their presence and waited less than a minute before forcible entry. *See United States v. Banks*, 540 U.S. 31, 38–40 (2003) (upholding forcible entry after officers waited fifteen to twenty seconds due to potential destruction of evidence); *United States v. West*, 328 F.2d 16, 18 (2d Cir. 1964) (finding no Fourth Amendment violation where officers' forcible entry into a "small bungalow" took place after announcing presence and waiting thirty seconds); *United States v. Vasquez*, No. 15-cr-119, 2016 WL 3102317, at \*11 (D. Conn. June 2, 2016) (collecting cases demonstrating that "courts generally have found wait times of more than ten seconds to be reasonable").

Similarly, the officers' decision to enter the apartment with their weapons drawn, and in a group of ten to twelve, did not render the warrant's execution unreasonable. Consistent with Detective Gergar's testimony, it was objectively

reasonable for the officers to believe they might encounter resistance upon entry. The officers on scene were permitted to "take reasonable action," such as entering with weapons drawn and as a team, "to secure the premises and to ensure their own safety and the efficacy of the search." *Rettele*, 550 U.S. at 614.

Therefore, we conclude that none of the features of the search singled out by the district court were unreasonable. Nor was the execution of the search warrant unreasonable based on the totality of the circumstances, viewing the officers' conduct objectively.[1]

\* \* \*

For the foregoing reasons, the order of the district court is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we hold that the district court erred in finding the execution of the search warrant unreasonable pursuant to the Fourth Amendment, we need not reach the Government's alternative argument that Joyce's statements were sufficiently attenuated from any unconstitutional conduct for suppression to be unwarranted. Although Joyce asserted before the district court that his statements should be suppressed under the Fifth Amendment, the district court did not resolve that argument and it is not before us today. On remand, the district court shall resolve in the first instance Joyce's Fifth Amendment argument.